FERDINAND THOMMESSEN, complainant,

*v.*

EUGENE KOHLER, defendant.

[Submitted September 23d, 1924.   Determined September 27th, 1924.]

**Contracts—Alleged One-fourth Interest in Agreement at Issue— Assignment-of Contract Security for Money Advanced.**

On exceptions to master's report.

*Mr. John C. Reed,* for the complainant.

*Mr. Carlton Godfrey* and *Mr. William I. Garrison,* for the defendant.

INGERSOLL, V. C.

Upon the final hearing of this case I filed a memorandum, referring it to Special Master Slack for an accounting to ascertain the amount due the complainant.

The master has reported, and the complainant excepts thereto. The only exception is the claim of the complainant, that he was the owner of a one-fourth interest in the contract of sale (the basis of the proceedings), and that one-fourth of the proceeds of the sale should first be allowed to the complainant, before the computation of the figures entered into the profits. This was the contention at the final hearing.

It may be advisable to shortly state the facts.

One James F. Glinz had an agreement with one Thompson and another for the purchase of certain lands and premises in Atlantic City. He, needing funds to make the payment thereon, secured the same from the complainant. Glinz endorsed on said agreement the following:

"For value received I hereby assign a one-quarter interest in the within agreement of sale unto Ferd. Thommessen, the consideration being four hundred dollars in cash. Date: 12-12-1922. Signed: James F. Glinz (Seal)."

Glinz on December 30th, 1922, gave to the complainant the following certificate:

"ATLANTIC CITY, N. J., December 30th, 1922.
"Mr. Ferdinand Thommessen,
"Dear Sir:
"In connection with the loan of four hundred dollars which you loaned me, for which I assigned a one-quarter interest in the profits arising from the sale of premises Nos. 2, 3, 4, 5, 6, 7 and 8 Woolbart terrace, Atalntic City, over and above the price paid for in agreement of sale from Thompson & Lippincott; this letter is given to confirm said assignment of interest, which has already been noted on said agreement above referred to from Thompson & Lippincott.
"Very truly yours,
"[Signed]  JAMES F. GLINZ."

Some time prior to July 27th, 1923, the defendant succeeded to the rights of Glinz, and secured an additional sum of $250 from the complainant, and gave him (Thommessen) a writing as follows:

"January 27th, 1923.
"This is to certify that Ferdinand Thommessen, of Atlantic City, has to be satisfied on day of settlement in regards purchase of properties Nos. 2, 3, 4, 5, 6, 7 and 8 Woolbert terrace, in the amount of $650, besides Mr. Thommessen is entitled to one-third of the profits through the resale of said properties.
"[Signed]  E. KOHLER."

This was accepted by Thommessen, and at the hearing was produced by him.

I said in my conclusion, referring to the moneys advanced by Thommessen: "I think, without doubt, in the first inception it was a loan to Glinz, loan secured."

The master considered the assignment by Glinz as security for amount advanced.

After examination of the testimony produced before the master, I am convinced that this finding is correct, and that Thommessen was not the absolute owner of a one-fourth interest in the sale agreement, but that the assignment was a security for the return of the money advanced.

The result is that a decree will be advised in favor of the complainant for the amount due to him as set forth in the report of the special master.